UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANTHONY ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-25 |
| ) | Phillips/Guyton |
| SEVIER COUNTY, TENNESSEE, ex rel., ) | Jury Demanded |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Comes the Plaintiff, Anthony Rose, and in response to the Defendants' Statement of Material Facts says as follows:

1. Plaintiff Anthony Rose was an inmate at the Sevier County Jail in 2006 and 2007. (Doc. 1 at 4, ¶ 11.)

**RESPONSE**: It is undisputed for purposes of this motion that Plaintiff was incarcerated in the Sevier County Jail from approximately March 2006 to February 2007.

2. He worked as a trustee in the jail kitchen. (Doc. 1 at ¶ 12.)

**RESPONSE**: Undisputed that Plaintiff worked as a trustee in the jail kitchen.

3. Paul Lintner supervised the kitchen trustees. (Doc. 1 at 4, ¶ 13.)

**RESPONSE**: It is undisputed that Paul Lintner supervised the kitchen trustees, and it is further asserted that Paul Lintner was in charge of the jail and essentially did as he pleased with impunity. (See Rose Dep. p. 143, ll. 6-20)(Ex. f); (Clark Aff.)(Ex. b); (Exhibit A to Fisher Aff.)(Ex. c); (Cavnar compl. letter)(Ex. o).

4. Plaintiff claims that Lintner engaged in inappropriate sexual contact with him. (Doc. 1 at 4, ¶ 14.)

**RESPONSE**: Undisputed.

5. Don Parton had no knowledge of these incidents. (Parton Dep. at 26-28.)

**RESPONSE**: Disputed. While Don Parton denies knowledge with respect to Mr. Rose, Don Parton was aware prior to Plaintiff's incarceration that Paul Lintner was a homosexual, that Paul Lintner would buy gifts for trustees, would hug trustees, would pop trustees on the buttocks and penis, would make sexual remarks to trustees, and would inappropriately require trustees to strip naked. (See Lintner Dep. pp. 33-36; pp. 61-62; pp. 70-75, pp. 105, 115)(Ex. d); (Cavnar letter)(Ex. o); (Cavnar interview)(Ex. q); (Gains letter)(Ex. p); (Parton Dep. pp. 26-28)(Ex. h).

6. Kent Hatcher had no knowledge of these incidents. (Hatcher Dep. at 28-29.)

**RESPONSE**: Disputed. While Ken Hatcher denies knowledge with respect to Mr. Rose, Don Parton was aware prior to Plaintiff's incarceration that Paul Lintner was a homosexual, that Paul Lintner would buy gifts for trustees, would hug trustees, would pop trustees on the buttocks and penis, would make sexual remarks to trustees, and would inappropriately require trustees to strip naked. (See Lintner Dep. pp. 33-36; pp. 61-62; pp. 70-75, pp. 105, 115)(Ex. d); (Cavnar letter)(Ex. o); (Cavnar interview)(Ex. q); (Gains letter)(Ex. p); (Parton Dep. pp. 26-28)(Ex. h).

Prior to Plaintiff's incarceration, trustee inmate Justin Cavnar wrote a complaint, received by Captain Hatcher and Sheriff Seals that informed them that Paul Lintner's inappropriate behavior had been going on for a long time, that Defendant Lintner was a homosexual, that Defendant Lintner selected trustees and touched them inappropriately, that

2

Case 3:08-cv-00025-TWP-HBG Document 46 Filed 11/17/11 Page 2 of 4 PageID #: 494

Defendant Lintner had "felt him up," that Defendant Lintner had Mr. Cavnar show him his penis and that it was Defendant Lintner would was in control of the jail. (Cavnar letter)(Ex. o). In a taped interview prior to Plaintiff's incarceration, Mr. Cavnar also told Defendant Seals and Captain Larry McMahon about Defendant Lintner making inmates strip naked and told them about inappropriate behavior, gift buying and allowing trustees to smoke in violation of jail rules. (Cavnar taped interview)(Ex. q)(See also Gains letter)(Ex. p).

7. Sheriff Seals had no knowledge of these incidents. (See *generally* Seals Dep.)

**RESPONSE:** Disputed. While Sheriff Seals denies knowledge with respect to Mr. Rose, Don Parton was aware prior to Plaintiff's incarceration that Paul Lintner was a homosexual, that Paul Lintner would buy gifts for trustees, would hug trustees, would pop trustees on the buttocks and penis, would make sexual remarks to trustees, and would inappropriately require trustees to strip naked. (See Lintner Dep. pp. 33-36; pp. 61-62; pp. 70-75, pp. 105, 115)(Ex. d); (Cavnar letter)(Ex. o); (Cavnar interview)(Ex. q); (Gains letter)(Ex. p); (Parton Dep. pp. 26-28)(Ex. h).

Prior to Plaintiff's incarceration, trustee inmate Justin Cavnar wrote a complaint, received by Captain Hatcher and Sheriff Seals that informed them that Paul Lintner's inappropriate behavior had been going on for a long time, that Defendant Lintner was a homosexual, that Defendant Lintner selected trustees and touched them inappropriately, that Defendant Lintner had "felt him up," that Defendant Lintner had Mr. Cavnar show him his penis and that it was Defendant Lintner would was in control of the jail. (Cavnar letter)(Ex. o). In a taped interview prior to Plaintiff's incarceration, Mr. Cavnar also told Defendant Seals and Captain Larry McMahon about Defendant Lintner making inmates strip naked and

told them about inappropriate behavior, gift buying and allowing trustees to smoke in violation of jail rules. (Cavnar taped interview)(Ex. q). (See also Gains letter)(Ex. p).

Respectfully submitted this 17th day of November, 2011.

PEMBERTON & SCOTT, PLLP

s/ Dana Scott Pemberton
Dana S. Pemberton, BPR No. 018214
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-1941
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2011, a copy of the foregoing Response to Defendants' Statement of Material Facts was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Dana Scott Pemberton
Dana S. Pemberton, BPR No. 018214
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-1941
Attorney for Plaintiff