UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY ROSE, | ) | |
| --- | --- | --- |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:08-cv-25 |
| | ) | (Judge Phillips) |
| | ) | |
| SEVIER COUNTY, TENNESSEE, | ) | |
| et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiff also seeks relief under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 *et seq.*, and under the Tennessee Constitution and Tennessee common law. Plaintiff is represented by counsel. The matter is before the court on the defendants' motion for summary judgment as follows[1]: Sevier County, Tennessee, moves for summary judgment; the Sevier County Sheriff's Department moves for summary judgment; defendants Ronald L. Seals, Ken Hatcher, and Don Parton move for summary judgment in both their individual and official capacity; and defendant Paul Lintner moves for summary judgment in his official

---

[1] There are other non-dispositive motions pending which will be addressed in a separate Memorandum and Order.

capacity.[2] For the following reasons, the motion for summary judgment [Court File No. 39] will be **GRANTED IN PART** and **DENIED IN PART**.

I.  Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its

---

[2] Defendant Paul Lintner is represented by counsel in his official capacity; he is proceeding *pro se* in his individual capacity.

position. *White v. Turfway Park Racing Association, Inc*., 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co*., 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc*., 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.     Factual Background

In his complaint, plaintiff alleges that while confined in the Sevier County Jail he was subjected to sexual harassment, sexual assault, and rape by defendant Paul Lintner. At the time defendant Lintner was employed by Sevier County, Tennessee, as the Food Service Supervisor, which included being the supervisor of the jail kitchen and the supervisor over all the jail trustees. Defendant Lintner was subsequently convicted, upon his guilty plea, to one count of Sexual Contact with an Inmate, namely plaintiff, a Class E felony. Plaintiff also names as defendants Sevier County, Tennessee; the Sevier County Sheriff's Department;

3

Sevier County Sheriff Ronald L. Seals; Captain Ken Hatcher; and Captain Don Parton. The individual defendants are sued in both their individual and official capacity.

Plaintiff alleges that he was incarcerated in the Sevier County Jail on or about February 6, 2006. Around the middle of March 2006, plaintiff was chosen by defendant Lintner to be a trustee assigned to work in the jail kitchen. Shortly thereafter, plaintiff was subjected to unwanted sexual advancement by defendant Lintner. Plaintiff alleges that by April 2006, defendant Lintner was forcing plaintiff to engage in oral sex with him by conditioning plaintiff's security, safety, and the circumstances of his confinement on sexual favors. According to plaintiff, the sexual acts continued under his release on February 5, 2007.

Plaintiff alleges that defendant Lintner's actions took place while he was acting within the scope of his employment and under color of state law. Plaintiff claims that the Sevier County Sheriff's Department had actual or constructive knowledge of defendant Lintner's actions prior to February 5, 2007.

Plaintiff further alleges that defendant Sevier County, Tennessee, is liable based upon its failure to properly screen in hiring employees; its failure to train, supervise, discipline, and retain employees; and its establishment of policies, procedures, practices, and customs, or lack thereof, which resulted in defendant Lintner's unlawful sexual conduct. Plaintiff claims that defendant Sevier County, Tennessee, by and through defendants Seals, Hatcher, and Parton was aware of defendant Lintner's sexual misconduct for a significant period of time prior to plaintiff's release from jail. Plaintiff also claims that defendant Sevier County,

4

Tennessee, by and through defendants Seals, Hatcher, and Parton failed to promulgate and implement procedures or policies that would protect jail inmates from unwanted sexual assaults.

With respect to the individual defendants in their individual capacity, plaintiff alleges that defendants Seals, Hatcher, Parton, and Lintner acted with deliberate indifference to plaintiff's rights under the Eighth Amendment, as well as his health, welfare, and safety, which resulted in a substantial risk of serious harm. Plaintiff also alleges that defendants Seals, Hatcher, and Parton, as defendant Lintner's supervisors, had actual or constructive knowledge that defendant Lintner was engaged in unlawful sexual conduct and their response demonstrated deliberate indifference or tacit authorization of the unlawful sexual practices.

III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

### A. *Sevier County Sheriff's Department*

The defendants move for summary judgment as to the Sevier County Sheriff's Department. The motion is well-taken. The Sevier County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under Section 1983"). The motion for summary judgment will be granted as to the Sevier County Sheriff's Department.

### B. *Individual Defendants – Official Capacity*

To the extent plaintiff seeks to impose liability under § 1983 upon defendants Paul Lintner, Ronald L. Seals, Ken Hatcher, and Don Parton for actions taken in their official capacity, such an action is against the county itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Sevier County, Tennessee, is a defendant in this action and thus is the proper party to address plaintiff's claims against the county officials in their official capacities. Accordingly, the individual defendants are

entitled to judgment as a matter of law in their official capacity and the motion for summary judgment will be granted in that regard.

*C. Individual Defendants – Individual Capacity*

Plaintiff alleges that defendant Lintner's sexual assaults violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff claims that defendant Lintner's supervisors should be held liable for the conduct because they either knew or should have known of the unlawful conduct and because they were either deliberately indifferent to plaintiff's plight or tacitly condoned defendant Lintner's conduct.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421.

7

In addition, a correctional officer has a duty to protect an inmate from assaults by fellow officers; "a correctional officer who observes an unlawful beating may, nevertheless, be held liable under § 1983 without actively participating in the unlawful beating." *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990). *See also Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982). The same would apply to sexual assaults upon inmates by a fellow officer.

"The legal standard applicable to determining whether a violation of the Eighth Amendment occurred in the context of an assault upon an inmate is whether the defendant's conduct amounted to a 'deliberate indifference' to a risk of injury to the plaintiff." *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993) (citing *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Thus, in order to maintain a § 1983 action for failure to protect, a plaintiff "must establish something more than a lack of ordinary due care, inadvertence, or error; the conduct must instead be 'obdurate' or 'wanton' - exhibiting recklessness or callous neglect." *Id.* (quoting *Whitley*, 475 U.S. at 318).

The "deliberate indifference" inquiry is a subjective test:

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendants Seals, Hatcher, and Parton contend that they are entitled to qualified immunity and thus entitled to judgment as a matter of law on plaintiff's claims. "The doctrine

8

of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Once a defendant has raised the defense of qualified immunity, "[t]he plaintiff has the burden of establishing that a defendant is not entitled to qualified immunity." *Cartwright v. City of Marine City*, 336 F.3d 487, 490-91 (6th Cir. 2003) (citation omitted).

An inmate's right to be free from unwanted sexual overtures and sexual contact from a correctional officer is a clearly established constitutional right. *See, e.g., Wilson v. Wilkins*, 362 F. App'x 440 (6th Cir. 2010). Defendants Seals, Hatcher, and Parton argue that because they did not do anything affirmative to violate plaintiff's constitutional rights, but merely allegedly failed to prevent the constitutional violations committed by defendant Lintner, they cannot be held liable for Lintner's conduct. This overlooks the fact, however, that supervisory personnel can be held liable under the theory of deliberate indifference to an inmate's welfare.

Based upon the record so far developed in this case, the court finds that there are genuine issues of material fact as to whether defendants Seals, Hatcher, and Parton were deliberately indifferent to the welfare of jail inmates such as plaintiff with respect to the supervision and retention of defendant Lintner in a supervisory role over the jail kitchen and trustees. [*See* Court File No. 44, Response to Motion for Summary Judgment, Exhibits A-T].

9

There is evidence from which a jury could find that the defendants had constructive if not actual knowledge of defendants Lintner's conduct toward plaintiff and other jail inmates. For example, prior to plaintiff's incarceration, inmates Justin Cavnar and Michael Gains made formal complaints about defendant Lintner's sexual conduct. The defendants were aware that defendant Lintner would buy gifts for the trustees and take them to restaurants outside the jail. They was also aware that defendant Lintner had inmates expose their genitals in the guise of looking for sores. Defendant Lintner openly hugged the jail trustees, made sexual jokes, and patted trustees on the buttocks. Plaintiff has testified that he was forced to have sexual relations with defendant Lintner approximately forty times during the ten months he was trustee. In addition, defendant Lintner was given sole authority to select and supervise the kitchen trustees, he was in charge of the trustees' duties and privileges, and he had authority to recommend that trustees be locked down based upon disciplinary infractions.

Accordingly, defendants Seals, Hatcher, and Parton in their individual capacity are not entitled to judgment as a matter of law and the motion for summary judgment will be denied in that regard. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (district court erred in granting summary judgment to defendant supervisor when there was a genuine issue of fact whether he knowingly condoned an officer's allegedly unconstitutional actions).

### D. Sevier County, Tennessee

Sevier County, Tennessee, first contends that it is immune from suit for the violation of plaintiff's civil rights. The defendant relies on Tenn. Code Ann. § 29-20-205(c), which removes a governmental entity's immunity from suit for injuries caused by an employee's negligence, except in civil rights cases. Section 29-20-205(c) does not apply, however, where a municipality has been sued in its own right.

A municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). *See also Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Thus, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (internal quotation marks omitted).

> It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. For liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort. Such a requirement ensures that a county is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the county. The "policy"

11

> requirement is not meant to distinguish isolated incidents from general rules of conduct promulgated by city officials. Instead, the "policy" requirement is meant to distinguish those injuries for which county is responsible under § 1983, from those injuries for which the county should not be held accountable.
>
> .... We bear in mind however that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."
>
> In addition, a plaintiff must demonstrate that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

*Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 441-42 (6th Cir. 2000) (quoting *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 405 (1997)) (internal citations omitted).

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Thus, a policy or custom may be based upon "a persistent, widespread practice of county officials or employees, which is so common and well settled as to constitute a custom that fairly represents county policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). In that case, "[a]ctual or constructive knowledge of the custom must be attributable to the county's governing body or to the official to whom policy-making

12

authority has been delegated." *Id.*; *see also Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996)) ("In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions 'sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.'").

Defendant Sevier County contends that there is no evidence that the county had an official policy to violate the constitutional rights of inmates or that the county officially sanctioned defendant Lintner's alleged behavior. Defendant Lintner was initially hired by Sevier County Sheriff Bruce Montgomery, now deceased. The defendants essentially admit that the hiring of defendant Lintner, a twice-convicted felon, was a violation of county policy: "It is a general policy of the Sevier County Sheriff's Department not to hire convicted felons." [Court File No. 44, Response to Motion for Summary Judgment, Exhibit K, Defendants' Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, p. 6].

At the time of Sheriff Montgomery's death, defendant Seals was the jail administrator. After Sheriff Montgomery's death, defendant Seals became the sheriff and he retained defendant Lintner as Food Services Supervisor. The court finds there is a genuine issue of material fact whether, during the entire time defendant Lintner was Food Services Supervisor, he exercised such control over the kitchen and the jail trustees as to become a policy-maker on behalf of the jail. As noted, defendant Lintner was given sole authority to select and supervise the kitchen trustees, he was in charge of the trustees' duties and

13

privileges, and he had authority to recommend that trustees be locked down based upon disciplinary infractions. A part of his job also included budgeting and spending for the jail food service as well as purchasing items for inmates such as blankets, underwear, socks, and other clothing. In addition, it was routine for defendant Lintner to take trustees with him when he went to purchase items for the jail.

Based upon the foregoing, there is evidence from which a jury could find that defendant Lintner's conduct constituted a custom that fairly represented county policy. Accordingly, just as with the individual defendants, there is a genuine issue of material fact as to whether Sevier County, Tennessee, pursuant to its custom, was deliberately indifferent to the welfare of jail inmates such as plaintiff with respect to the supervision and retention of defendant Lintner in a supervisory role over the jail kitchen and trustees. Sevier County, Tennessee, is not entitled to judgment as a matter of law and the motion for summary judgment will be denied in that regard.

### E. Tennessee Governmental Tort Liability Act

Plaintiff also sues Sevier County, Tennessee, and the individual officers under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 *et seq*. The Tennessee legislature has granted exclusive original jurisdiction over claims under the Tennessee Governmental Tort Liability Act to state circuit courts. Tenn. Code Ann. § 29-20-307. The Sixth Circuit has observed that this limitation on suability deprives a federal court of pendent jurisdiction for claims under the Tennessee Governmental Tort Liability Act. *See*

14

*Maxwell v. Conn*, No. 89-5060, 1990 WL 2774 (6th Cir. January 18, 1990) (unpublished decision). *See also Beddington v. City of Pulaski, Tennessee*, 666 F. Supp. 1064, 1066-67 (M.D. Tenn. 1987), *rev'd on other grounds*, 861 F.2d 968 (6th Cir. 1988). *Cf. Haynes v. Marshall*, 887 F.2d 700 (6th Cir. 1989) ("A federal court exercising pendent jurisdiction sits as a court of the forum state and is bound to apply its substantive law."). Therefore, plaintiff's claims under the Tennessee Governmental Tort Liability Act, including any pendent state law claims that plaintiff alleges under that act, will be dismissed and the defendants' motion for summary judgment will be granted to that extent.

### F. Sheriff Seals – Pendent State Law Claims

Defendant Seals moves to dismiss all pendent state law claims against him, to the extent the plaintiff has alleged such claims, based upon the fact that he is immune from claims against him as sheriff arising under state law for the acts or omissions of his deputies pursuant to Tenn. Code Ann. § 8-8-301. Sheriff Seals, however, been sued personally in his individual capacity for his own actions. Accordingly, he is not entitled to immunity under this statute.

II. <u>Conclusion</u>

The motion for summary judgment will be **GRANTED** as to the Sevier County Sheriff's Department, as to defendants Paul Lintner, Ronald L. Seals, Ken Hatcher, and Don Parton in their official capacity, and as to plaintiff's claims under the Tennessee

15

Governmental Tort Liability Act.  The motion for summary judgment will be **DENIED** as to Sevier County, Tennessee, and defendants Ronald L. Seals, Ken Hatcher, and Don Parton in their individual capacity.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                            s/ Thomas W. Phillips
                                             United States District Judge